The bill alleged that the defendant Richard N. Taylor, was indebted to the plaintiffs in the sum of $1763,77, for which they had taken judgment in Craven County Court; that previously to the rendition of this judgment, he made two deeds of trust to the other defendant, George S. Stevenson, conveying therein all his estate, of every kind, making no provision for the debt of the plaintiffs; that these conveyances provided, that unless the debts, therein named, should be paid before the 1st of January, 1856, it should be the duty of the trustee to convert the property into money and discharge the same.
The bill further alleges, that the property conveyed in the said deeds of trust, will be more than sufficient to satisfy the debts therein mentioned, if the same is fairly sold.
The plaintiffs say they have taken out execution on their judgment, and the same has been returned nulla bona.
They insist, that as the day is passed, until which it was allowed the trustee to forbear from selling, it has now become his duty to do so; and as their right to have satisfaction out of the estate of their debtor, is uncertain, and cannot be ascertained until this trust is closed, the prayer is, that the said trustee may be compelled to make sale of the property so conveyed *Page 96 
to him, and, after paying the several debts, mentioned in the deeds, that he either pay the balance (if the property has been converted) to the satisfaction of their debt, or if there be property left, that the same be delivered up, to the end, that their execution may be satisfied out of it.
The defendants demurred to the bill, upon the ground, that the cestuisque trust were not made parties defendant to the bill. There was a joinder in demurrer, and the cause being set down for argument, was heard by his Honor, Judge MANLY, who over-ruled the demurrer, and ordered the defendants to answer over. From this decree the defendants prayed and obtained an appeal.
The object of the bill is to subject the resulting trust of the debtor to the payment of the plaintiffs' debt. In this question, the cestuis quetrust, i. e., the creditors secured in the deed of trust, are not concerned, because the bill is framed upon the supposition that their debts are first to be paid, and only claims the balance, after making the deduction, as a fund applicable to the plaintiffs' debts. In taking the account, in order to ascertain the amount of the fund, the trustee represents the cestuis que trust.
 PER CURIAM, The decretal order over-ruling the demurrer is affirmed.